UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14011-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CHARLTON EDWARD LACHASE,

    Defendant.
_____/

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**

The defendant Charlton LaChase, through counsel, files the following objections to the presentence report:

1.    Paragraphs 5–8: The defendant objects to the inclusion of various instances of violent acts by other people unconnected to this case. Mr. LaChase is not a terrorist. Nor does the government think that Mr. LaChase is a terrorist. Mr. LaChase is a mentally and physically challenged person who invoked Isis and individual terrorists as a means of getting attention. He has never been a terrorist or member of a terrorist organization. It should not be the purpose of the presentence report to paint defendants as terrorists unless there is significant evidence supporting such a characterization. In this case there is not.

2.    Paragraph 9: The defendant *is* deaf, not *was* deaf. The term "mute," as used, is an archaic term that is generally rejected by "non-speaking" persons in the 21st century.

3.     Paragraph 10: The defendant objects to the term "mute," in this and other paragraphs. Further, the paragraph should note that the video in question was widely circulated in the deaf community at the time on Facebook and other social media.

4.     Paragraph 21: This claim has nothing to do with the offense conduct. The offense conduct section of the presentence report is not simply an opportunity for the government and/or the probation officer to put in every bad thing that they have heard about the defendant. The allegation that Mr. LaChase was "expelled" from Gallaudet University in 2015 has absolutely nothing to do with the facts in this case. Moreover, the statement is belied by the information in paragraph 91 of the report, stating that Mr. LaChase "withdrew" from Gallaudet on October 17, 2014. The incorrect and misleading allegation should be stricken from the report.

5.     Paragraph 25, 28, 35 and 41: The defendant objects to the conclusion that his statements amounted to obstruction. His mother, Ms. Santa LaChase, did discuss the case with Cassandra LaChase, and even asked her to consider requesting that the government not pursue, or lessen, the charges. However, those efforts did not amount to obstruction.

U.S.S.G. § 3C1.1, n. 4, lists examples of conduct amounting to obstruction. Among those examples, it lists in subsection (A), threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so…" and (K), "threatening the victim of the offense in an attempt to prevent the victim from reporting the conduct constituting the

offense of conviction." Mr. LaChase's actions in attempting to persuade his sister to drop or lessen the charges were not unlawful and were not a threat.

Nor was the sale of his cell phone an obstruction of justice. Mr. LaChase sold his cell phone while he was in Costa Rica because he received a very good price for it. Cell phones are very expensive in countries like Costa Rica, often costing twice what we pay here in the United States. Mr. LaChase received $700 for his I Phone 6, enough to purchase a new later model I Phone when he returned. It should also be noted that Mr. LaChase returned to the United States with the "SIM card" for his I Phone. The "SIM card" stores contact numbers and SMS (text) messages. Anyone trying to destroy the evidence of text messages would also get rid of the "SIM card."

6. Paragraph 55: Mr. LaChase denies that he pushed Kerri-Ann Sewell to the ground or battered her in any way. Her allegations were false.

7. Paragraph 57 – 59, 61 - 64: The paragraphs do not reflect any arrest or conviction. Clearly, there was not even probable cause to believe a crime had been committed. Mr. LaChase denied the allegations at the time they were investigated, the investigating officer concurred, and Mr. LaChase denies them now.

8. Paragraph 71: Mr. LaChase does wish to seek family therapy and ultimately reestablish his relationship with his sister, Cassandra.

9. Paragraph 74: Mr. LaChase denies that he ever forced Karen Meeker to have sex with him. Ms. Meeker was a willing participant in any sexual relations with Mr. LaChase.

10. Paragraph 80: This statement has no place in the "Mental and Emotional" section of the report. The undersigned can only guess as to why the probation officer thought it was relevant to those topics, or to this sentencing in general.

11. Paragraph 111: Mr. LaChase objects to the probation officer's conclusion that there is no identifiable basis for a variance. Mr. LaChase's physical and mental disabilities are obvious grounds for a potential variance by the Court. The defendant will address those grounds more fully in a written motion, but the inconsistency between this conclusion and the recitation of documented physical and mental disabilities in paragraphs 78 through 86 is glaring.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: *s/Fletcher Peacock*
Fletcher Peacock
Assistant Federal Public Defender
Florida Bar No. 441996
109 North Second Street
Fort Pierce, Florida 34950
Tel: 772-489-2123
Fax: 772-489-3997
E-Mail: Fletcher_Peacock@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on November 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/Fletcher Peacock*, AFPD
Fletcher Peacock

# SERVICE LIST

## UNITED STATES v. CHARLTON EDWARD LA-CHASE
Case No. 18-14011-CR-ROSENBERG/MAYNARD
United States District Court, Southern District of Florida

**Fletcher Peacock**
**Fletcher_Peacock@fd.org**
**Assistant Federal Public Defender**
109 North Second Street
Fort Pierce, FL 34950
Tel: 772-489-2123
Fax: 772-489-3997
Attorney for La-Chase
Notices of Electronic Filing

**Diana Margarita Acosta**
**diana.acosta@usdoj.gov**
**Assistant United States Attorney**
United States Attorney's Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel: 772-293-0981
Fax: 772-466-1020
Notice of Electronic Filing

**Rolando Garcia**
**Rolando.Garcia@usdoj.gov**
**Assistant United States Attorney**
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: 561-659-4772
Fax: 561-820-8777
Notice of Electronic Filing