UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14011-CR-ROSENBERG/MAYNARD(s)

UNITED STATES OF AMERICA,

v.

CHARLTON EDWARD LA CHASE,

    Defendant.

_____/

UNITED STATES' RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE REPORT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response to the defendant's objections to the Presentence Investigation Report.

**Objection to Paragraphs 5-8**

The defendant objects to the inclusion of the General Allegations section of the superseding indictment in the PSI. The superseding indictment added the General Allegations sections to counts two and three. These allegations describe ISIS as a terrorist group, mention three successful mass casualty attacks undertaken in the name of ISIS or for which ISIS later claimed credit (La Chase specifically referenced them in his threats), and explained what the FBI is and its role in counterterrorism investigations. It also explains how ISIS targeted persons with disabilities for recruitment, a fact of which La Chase was aware. The government's position is that the facts alleged in the superseding indictment are properly included in the PSI.

**Objection to Paragraphs 9-10**

The defendant objects to the term "mute" included in the PSI. The government does not object to the deletion of that term in the PSI.

**Objection to Paragraph 21**

The defendant objects to the paragraph in the PSI that states the he was "expelled" from Gallaudet University. He claims that he "withdrew" from the university. The university initiated a suspension of the defendant due to his conduct and La Chase subsequently withdrew from Gallaudet. The government's position is that the paragraph should be modified to include the fact that the defendant withdrew from the university following an initiated suspension.

**Objection to Paragraphs 25, 28, 35 and 41**

The defendant argues that the disposition of his IPhone and attempting to have his sister not pursue the instant charges does not amount to obstruction of justice under U.S.S.G. § 3C1.1. Such conduct clearly constitutes obstruction of justice under the Sentencing Guidelines and Eleventh Circuit case law.

A defendant's affirmative steps to prevent law enforcement from detecting illicit activity and to impede an investigation or prosecution may qualify as obstruction under U.S.S.G. § 3C1.1. *Unites States v. Wayerski*, 624 F.3d 1342, 1352 (11th Cir. 2010).

Statements made to law enforcement warrant an obstruction enhancement when the statements are false and material. The government must show that the statements significantly obstructed or impeded the investigation or prosecution of the offense. *United States v. Alpert*, 28 F.3d 1104 (11th Circuit 1994); *United States v. Shores*, 966 F.2d 1383 (11th Circuit 1992). If the conduct is shown to be willful and sufficient, it will support an obstruction of justice enhancement. Moreover, the fact that the effort to hide the evidence was destined to fail is irrelevant. *United States v. Massey*, 443 F.3d 814 (11th Cir. 2006).

Count four of the superseding indictment charges false statements made by La Chase

concerning the whereabouts of his cell phone, which is of course the device from which he made the charged threats, a critical piece of evidence in the FBI's ongoing investigation at the time. The agents asked about it because it was believed to contain evidence of the transmission of those threats. Upon his arrival back in the U.S., La Chase was found not to have a cell phone in his possession, though the FBI knew that he had taken one on the trip. The threatening text messages, received while La Chase was abroad, had traced back to his cell phone number.   During the search of La Chase's belongings upon arrival at Fort Lauderdale-Hollywood International Airport, the FBI recovered a cell phone case, something that one would expect to be with the stolen cell phone if it had been taken unexpectedly. Moreover, a SIM card was subsequently found that was taped to the back of La Chase's ID as to conceal it. A February Facebook posting, a text to his mother, and a later jail call later revealed that, according to La Chase himself, he had sold the cell phone in Costa Rica prior to the return. A search of the SIM card found no content of past communications. If the defendant knew the FBI would be waiting for him upon his return to the U.S., and he needed to get rid of the phone and the evidence it contained, then it would make the most sense for him to sell it to someone in a foreign country. That way the defendant got rid of the evidence and made a profit in the process. La Chase rightly concluded that, even if he sold the cell phone instead of throwing it away, the FBI would never find it. After C.L. alerted the FBI about the threats, the defendant told his wife in a January Facebook message that his mother had warned him that the police would be waiting, thus suggesting that he disposed of it because it contained threatening communications.

Encouraging another witness not to cooperate with the FBI may support an enhancement for obstruction of justice. *United States v. Garcia*, 13 F.3d 1464 (11th Cir. 1994); *See also United*

*States v. Rudisill*, 187 F.3d 1260 (11th Cir. 1260 (11th Cir. 1999); *United States v. Snipes*, 611 F.3d 855 (11th Cir. 2010).

Jail calls from the defendant to others reveal many attempts by the defendant to further obstruct justice by pressuring C.L. to drop the case. The defendant's mother and wife followed through on these conversations and attempted to pressure C.L. in person. In one of the calls, the defendant told his mother to go to C.L.'s house the next day because on Monday the judge would decide if he was guilty or not guilty. The defendant stated that he needed C.L. to come to tell the judge to drop the case against him. The defendant also stated to his mother that she should try to see C.L. every two days because she was the one who reported him to the police and that her name was on the case against him

### Objection to Paragraph 55

The defendant denies that he pushed K.S. to the ground or battered her in any way. The government's position is that La Chase's denial should be included in that paragraph.

### Objection to Paragraphs 57-59, 61-64

The defendant alleges that the allegations in those paragraphs are false. It is the government's position that the defendant's denial to the facts in those paragraphs should be included in the PSI.

### Objection to Paragraph 74

The defendant alleges that the allegations are false. It is the government's position that the defendant's denial to the facts in that paragraph should be included in the PSI.

### Objection to Paragraph 80

The defendant objects to the inclusion of this background history. The government's

position is that that the background history of the defendant is proper for the Court to consider in assessing the appropriate sentence.

**Objection to Paragraph 111**

The defendant objects to the Probation Officer's conclusion that there is no identifiable basis for a variance. The government's position is that the Court is free under the law to identify a basis for a variance from the Sentencing Guidelines.

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

By:   /s/*Rolando Garcia*
    ROLANDO GARCIA
    Assistant United States Attorney
    Florida Bar No. 0763012
    500 South Australian Avenue, Suite 400
    West Palm Beach, FL 33401
    Telephone: 561 820-8711/Fax 561 820-8777
    rolando.garcia@usdoj.gov

**Certificate of Service**

**I HEREBY CERTIFY** that on November 15, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

    /s/ *Rolando Garcia*
    Rolando Garcia
    Assistant United States Attorney