UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14011-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CHARLTON EDWARD LACHASE,

    Defendant.
_____/

## MOTION FOR DOWNWARD VARIANCE

The defendant Charlton LaChase, through counsel, requests that the Court impose a downward variance from the Sentencing Guideline range upon the following grounds:

1. Mr. LaChase is set for sentencing on Thursday, November 29, 2018. His present projected Sentencing Guideline range is 18 – 24 months.

2. The defense contends that Mr. LaChase's physical and psychological disabilities warrant a downward variance.

### Physical Disabilities

As noted in Paragraph 80 of the Presentence Report (PSI), Mr. LaChase has been profoundly deaf since birth. He is fluent in American Sign Language (ASL). He is literate, but has a limited vocabulary.

Communication with prison personnel and other inmates is extremely difficult. While in custody on this case, Mr. LaChase has encountered no prison personnel or other inmates who could communicate in ASL. His only means of communicating has been to write notes to those patient enough and kind enough to respond. More often than not, he is just mocked or ignored. Consequently, his incarceration, even though in general population, is more akin to solitary confinement. It has been recognized that the Bureau of Prisons has extremely limited resources available for deaf inmates. *See Heyer v. United States Bureau of Prisons*, 849 F.3d 202 (4th Cir. 2017) (BOP showed deliberate indifference to deaf prisoner's need for ASL interpreter, exposing prisoner to substantial risk of serious harm).

Mr. LaChase also suffers from Usher's Syndrome, a condition characterized by partial or total (in Mr. LaChase's case) hearing loss and vision loss that worsens over time. The loss of vision is caused by the eye disease *retinitis pigmentosa*. Vision loss occurs as the light sensing cells of the retina gradually deteriorate. Initially, night vision is lost, followed by blind spots that enlarge and merge to produce tunnel vision. Cataracts are also common, along with deterioration of balance and orientation in space. Some sufferers experience total blindness, while some retain partial central vision. *See generally*, https://ghr.nlm.nih.gov/condition/usher-syndrome.

As stated, Mr. LaChase is very isolated while in custody. Along with his partial blindness, it also makes him a target of insensitive or malicious inmates and corrections officers. For example, when Mr. LaChase recently requested to have the closed caption feature enabled on the jail dorm TV, he was threatened with physical beating by other inmates. One inmate decided that it would be entertaining to hit Mr. LaChase in the back of the head whenever he passed behind him. The inmate apparently knew that Mr. LaChase could not see or hear him approaching. Such malicious antics are common among inmates and Mr. LaChase is very vulnerable.

Susceptibility to abuse in prison by corrections officers and other inmates is a valid factor to consider in determining whether the Sentencing Guideline range is appropriate. *Koon v. United States*, 518 U.S. 81, 112 (1996) (court could consider potential abuse due to prisoners' status as former police officers); *see also United States v. Rodriguez*, 213 F.Supp. 1298 (M.D.Ala. 2002) (defendant's susceptibility to sexual assault warranted downward departure).

### Psychological Disability

Mr. LaChase also has significant mental challenges. Since his arrest, Mr. LaChase has been evaluated by Dr. Shana Williams, Psy.D. Dr. Williams is fluent in ASL. After a thorough evaluation, she concluded that Mr. LaChase suffers from Bipolar I Disorder, with psychotic symptoms. He "presented with mood congruent delusions with themes of grandiosity, invulnerability and a sense of paranoia." He has an "underdeveloped personality," lacking coping and interpersonal skills. However, he does not appear to be a high risk for acting out and does not present as

a danger to himself or others. He seems to have used the instant threats as a means of gaining the attention of his sister and others around him. Finally, Dr. Williams opined that Mr. LaChase should receive a psychiatric evaluation to determine whether psychotropic drugs should be prescribed. And, he would likely benefit from mental health counseling.

Fortunately, Dr. Williams is fluent in ASL, is willing to accept Mr. LaChase as a patient, and accepts his Medicaid insurance. Upon release, Mr. LaChase desires to begin treatment and therapy with Dr. Williams.

The defense acknowledges that Mr. LaChase's offense was serious. Mr. LaChase definitely understands that as well. However, the defense also contends that the present Sentencing Guideline range is excessive under the circumstances.

Mr. LaChase has a documented mental illness that greatly contributed to his commission of the offense. As noted by Dr. Williams, he lacks normal interpersonal skills, suffers from "deaf paranoia," and can be delusional and/or psychotic. He made the threats in this case as a way of getting attention. There is absolutely no evidence that he attempted, or ever intended, to carry them out. Moreover, the grandiose claims of belonging to Isis and wanting to be the first deaf mass killer, although very serious, had no basis in fact. His acts in this case are clearly the result of his frustration with his mental and physical disabilities. Not unlike a child, he does not understand how to live within his very significant limitations.

4

Further, his combined mental and worsening physical disabilities make him extremely vulnerable while in custody and the inherent isolation caused by his illness makes his prison time much more severe than usual.  For these reasons the defendant respectfully suggests that the Court impose a downward variance from the Sentencing Guideline range.

              Respectfully submitted,

              MICHAEL CARUSO
              FEDERAL PUBLIC DEFENDER

By: *s/Fletcher Peacock*
   Fletcher Peacock
   Assistant Federal Public Defender
   Florida Bar No. 441996
   109 North Second Street
   Fort Pierce, Florida 34950
   Tel:  772-489-2123
   Fax: 772-489-3997
   E-Mail: Fletcher_Peacock@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on November 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/Fletcher Peacock*, AFPD
Fletcher Peacock

## SERVICE LIST

### UNITED STATES v. CHARLTON EDWARD LA-CHASE
Case No. 18-14011-CR-ROSENBERG/MAYNARD
United States District Court, Southern District of Florida

**Fletcher Peacock**
**Fletcher_Peacock@fd.org**
**Assistant Federal Public Defender**
109 North Second Street
Fort Pierce, FL 34950
Tel: 772-489-2123
Fax: 772-489-3997
Attorney for La-Chase
Notices of Electronic Filing

**Diana Margarita Acosta**
**diana.acosta@usdoj.gov**
**Assistant United States Attorney**
United States Attorney's Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel: 772-293-0981
Fax: 772-466-1020
Notice of Electronic Filing

**Rolando Garcia**
**Rolando.Garcia@usdoj.gov**
**Assistant United States Attorney**
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: 561-659-4772
Fax: 561-820-8777
Notice of Electronic Filing