UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   18-14011-CR-ROSENBERG

UNITED STATES OF AMERICA

vs.

CHARLTON EDWARD LACHASE,

          **Defendant.**
_____/

UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR DOWNWARD VARIANCE

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and hereby responds to the Motion for Downward Variance filed by the defendant, Charlton Edward LaChase ("LaChase").

## BACKGROUND

On June 28, 2018, a federal grand jury in the Southern District of Florida returned a superseding indictment charging LaChase with, among other things, three counts of transmitting threats through interstate or foreign commerce in violation of Title 18, United States Code, Section 875(c) (Counts One – Three).  (Doc. No. 43.)  On July 31, 2018, La Chase pled guilty to Counts Two and Three of the superseding indictment pursuant to a written plea agreement.  (Doc. Nos. 58-59.)

LaChase's sentencing hearing is scheduled for January 29, 2019.  The Revised Presentence Investigation Report ("PSI") shows his advisory sentencing guideline range to be 18 – 24 months based on a Total Offense Level of 15 and Criminal History Category of I, which includes a two-level enhancement under U.S.S.G. § 2A6.1(b)(2) because the offense involved

1

more than two threats, and two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  (PSI at ¶¶ 32, 35, 104.)

LaChase filed a motion for downward variance under 18 U.S.C. § 3553(a) based on his physical and psychological disabilities.  (Doc. No. 73.)  The United States respectfully submits a downward variance is not warranted, and that a sentence of 18 months' imprisonment is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate specific and general deterrence.

## ANALYSIS

### *Nature and Circumstances of the Offenses*

As with any request for a variance, the nature and circumstances of the offenses present a good starting point.

On January 23, 2018, LaChase sent a text message to C.L. threatening to shoot her and other people dead in "SUPPORT [of] ISIS TERRORISM."[1]  Later that same day, LaChase sent a separate text message to C.L. stating that he was planning to be the first "deaf ISIS" and "KILL PEOPLE LIKE NYC" at a "festive event" ISIS told him about.  LaChase also threatened C.L. that she would "BE DEAD SOON SOON DEAD."  The text messages were laced with profanities. (*Id*. at ¶ 13-14.)

On January 24, 2018, LaChase sent a text message to C.L.'s fiancé, C.W., threatening to shoot him in the name of ISIS.  This text message was also laced with profanities.  (*Id*. at ¶ 16.)

A search warrant for LaChase's Facebook account revealed several attempts by LaChase to purchase firearms, threats to commit mass murder, threats to kill politicians, and statements of

---

[1] ISIS, which stands for Islamic State of Iraq and Syria, is a designated foreign terrorist organization.

support for Omar Mateen[2] and ISIS.  (*Id.* at ¶ 19.)   The Federal Bureau of Investigation ("FBI") also discovered that LaChase attempted to purchase a firearm from a pawn shop in Fort Pierce, Florida in May 2017 but was denied.  (*Id.* at ¶ 21.)

Shortly after LaChase learned C.L. had reported him to the FBI, LaChase sold the cellphone he used to send the threatening text messages.  (*Id.* at ¶ 24.)   After LaChase was arrested on the present charges, he further obstructed justice by trying to pressure C.L. "to drop the case" against him.  (*Id.* at ¶ 25.)

It is difficult to imagine any threats more serious than those leveled by LaChase.   To be sure, LaChase professed his support for ISIS and threatened to kill C.L., C.W., and others while committing random acts of terrorism and mass murder.  The nature and circumstances of the present offenses counsel against a downward variance.

### *History and Characteristics of the Defendant*

The United States acknowledges LaChase does not have any prior felony convictions. LaChase's lack of countable criminal history, however, has already been adequately taken into account by virtue of his criminal history designation (Category I).   Indeed, Criminal history category I is the lowest category, and "the lower limit of the guideline range for Criminal History Category I is set for a first offender with the lowest risk of recidivism."   U.S.S.G. § 4A1.3 (policy statement).   In any event, the fact LaChase tried to pressure C.L. "to drop the case" against him after he was arrested on the present offenses is particularly disconcerting and demonstrates a complete lack of remorse and acceptance of responsibility.   A variance based on LaChase's lack

---

[2] Omar Matten killed 49 people and wounded 53 others in a mass shooting at the Pulse nightclub in Orlando, Florida, on June 12, 2016, before he was killed in a shootout.   LaChase claimed he knew Omar Mateen.   Like Omar Mateen, LaChase pledged allegiance to ISIS.   (PSI at ¶ 19.)

of countable criminal history is simply not appropriate in this case, especially given the severity of the underlying offenses and his post-arrest conduct.

The United States also acknowledges that LaChase suffers from physical and psychological disabilities. LaChase's disabilities, however, do not justify a variance when balanced against the severity of his crimes. The Bureau of Prisons is more than capable of providing LaChase with adequate healthcare and treatment while he is incarcerated.

***The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence, and Protect the Public from Further Crimes of the Defendant***

The instant offenses are both serious and dangerous. LaChase threatened to kill C.L., C.W., and others while committing random acts of terrorism and mass murder on behalf of ISIS. A sentence of 18 months' imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes. The United States respectfully submits general deterrence plays an important role when sentencing defendants like LaChase.

***Parity in Sentencing***

Finally, LaChase should expect to be treated like other similarly situated defendants. Parity in sentencing among similarly situated federal defendants across the country is fundamental to the proper administration of justice. This principle is embodied in Section 3553(a)(6), which "is concerned with national disparities among the many defendants with similar backgrounds convicted of similar criminal conduct." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). Generally, "national uniformity is . . . taken into account by the Sentencing Guidelines, which are almost certainly the best indication of ordinary practice since most sentences are within the guidelines." *Id*. at 626 (internal marks and citation omitted). Indeed, "[e]ven after *Booker*

4

rendered the Sentencing Guidelines advisory, district courts have *in the vast majority of cases* imposed either within-Guidelines sentences or sentences that depart downward from the Guidelines on the Government's motion." *Hughes v. United States*, 138 S.Ct. 1765, 1777 (2018) (internal marks and citation omitted; emphasis added).

A sentence of 18 months' imprisonment adequately reflects the relevant 3553(a) factors, preserves the integrity of the Sentencing Guidelines, and promotes national uniformity.

## CONCLUSION

For the above stated reasons, the United States requests the Court to sentence the defendant to 18 months' imprisonment.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: **/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
Florida Bar# 0031149
101 South U.S. Highway 1
Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 293-0950
Email:michael.porter2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

/s/**Michael D. Porter**
Michael D. Porter
Assistant United States Attorney